UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BARBARA McCORKLE and <br> WILLIAM DEAN McCORKLE, <br><br> Plaintiffs, <br><br> v. <br><br> TENNESSEE VALLEY AUTHORITY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br> No.: 3:11-CV-168 <br> (VARLAN/GUYTON) |

## MEMORANDUM AND ORDER

This civil action is before the Court on Plaintiffs' Motion to Set Aside Order Granting Defendant's Motion for Summary Judgment [Doc. 14], in which plaintiffs move the Court to set aside its memorandum opinion and order [Docs. 12, 13] granting defendant Tennessee Valley Authority ("TVA's) motion for summary judgment so that plaintiffs may seek further discovery on their claims. TVA has responded in opposition [Doc. 15], and plaintiffs have filed a reply [Doc. 16].

For the reasons set forth herein, plaintiffs' motion to set aside [Doc. 14] will be **DENIED**.

**I.  Relevant Facts and Procedural Background**

On April 13, 2011, TVA removed plaintiffs' negligence action to this Court [Doc. 1].

On August 9, 2011, the parties filed a Rule 26(f) report and exchanged written discovery [Doc. 4].  TVA conducted depositions of plaintiffs in November 2011 [*See, e,g.*, Doc. 5-1].  On December 6, 2011, TVA filed its motion for summary judgment [Docs. 5, 6] as to all plaintiffs' claims.  Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, plaintiffs' response to TVA's motion for summary judgment was due on or before December 30, 2011.  *See* E.D. TN. LR7.1(a); Fed. R. Civ. P. 6(d).  On December 21, 2011, the Court entered a scheduling order [Doc. 11] in accordance with Rule 16(b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 16(b) (stating that the district judge or magistrate judge "must issue a scheduling order").  The scheduling order provided for a discovery cutoff date of September 11, 2012 [*Id.*, ¶ 3(h)].  The scheduling order did not modify Local Rule 7.1(a)'s twenty-one (21) day period for responding to dispositive motions—such as a motion for summary judgment.

December 30, 2011, the date determined by reference to the Local Rules for plaintiffs to respond to TVA's motion for summary judgment, passed.  As of that date, plaintiffs had not submitted a response, had not sought leave of Court to extend the time for filing a response, had not filed an agreed stipulation extending the time for plaintiffs to file a response, had not filed a Rule 56(d) motion, and had not sought Court approval of an

2

extended briefing schedule.[1] On February 10, 2012, counsel for plaintiffs requested deposition dates for several TVA employees [Doc. 14-3]. TVA responded to plaintiffs' request and provided available dates in May 2012 [Doc. 14-5]. These depositions never went forward because on February 24, 2012, the Court granted TVA's motion for summary judgment, dismissed all plaintiffs' claims, and closed this case [Docs. 12, 13].

On March 1, 2011, plaintiffs filed the motion to set aside, pursuant to Rule 60(b) arguing that the Court "*sua sponte* granted [TVA's motion for summary judgment] while the parties were still actively involved in discovery and before Plaintiff filed her response, albeit after the deadline established by the local rules" [Doc. 14, p. 1]. In the motion, plaintiffs request that the Court set aside the memorandum opinion and order, request leave to take depositions of TVA employees, and request the opportunity to use the requested discovery to file a response to TVA's motion for summary judgment.

## II. Standard of Review

Although the Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration, they are commonly treated as either a Rule 59(e) motion or a Rule 60(b) motion. *Hood v. Hood*, 59 F.3d 40, 43 n.1 (6th Cir. 1995). "A party seeking relief from judgment under Rule 60(b) must show that its case comes within the provisions of that Rule." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). The moving party bears the burden

---

[1] Local Rule 7.1(a) permits the briefing schedule provided in that rule to be set aside by order and approval of the Court. E.D. TN. LR 7.1(a).

3

Case 3:11-cv-00168   Document 17   Filed 04/09/12   Page 3 of 9   PageID #: 245

of making this showing by "clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).[2]

## III. Analysis

Plaintiffs' motion to set aside is brought pursuant to Rule 60(b)(1), which provides that a party may obtain relief from a final judgment, order, or proceeding on grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiffs assert that the following constitutes excusable neglect. First, counsel for plaintiffs asserts that she was under the impression that the Court's scheduling order provided her with adequate time to conduct discovery and file a response to TVA's motion for summary judgment [Doc. 14, pp. 1-2]. Second, counsel for plaintiffs asserts that she was working diligently with counsel for TVA and with the Court to secure deposition dates up to the time the Court granted TVA's motion [*Id.*, p. 8]. Third, counsel for plaintiffs submits that the

---

[2]Plaintiffs urge the Court to view their Rule 60(b)(1) motion pursuant to the following factors: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense [Doc. 14, pp. 2-3]. *See Williams v. Myers*, 346 F.3d 607, 613 (6th Cir. 2003) ("Where a party seeks relief from a default judgment, Rule 60(b)(1) should be applied 'equitably and liberally . . . to achieve substantial justice.'"). This more lenient test is generally followed by courts ruling on motions to set aside default judgments because default judgments typically occur early in litigation before the merits of an action have been reached, not in cases involving decisions on the merits of an action, such as an order of summary judgment.

The Court declines to utilize the more lenient "equitable and liberal' standard for ruling on Rule 60(b) motions referenced by plaintiffs. In this case, the Court's memorandum opinion on TVA's motion for summary judgment addressed the merits of plaintiffs' claims. Thus, the Court will apply the standard of requiring plaintiffs to show that their failure to respond to TVA's motion constitutes "excusable neglect." *See Burnley v. Bosch Americas Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003) (failing to file a timely response to a motion for summary judgment was inexcusable neglect because, unlike default judgments, the matter had been determined on its merits).

4

scheduling order did not order the parties to file or respond to summary judgment motions by any particular date [*Id.*, p. 9]. Fourth, counsel for plaintiffs submits that she was complying with the required procedure regarding discovery disputes, as laid out in the scheduling order, when the Court granted TVA's motion.

Upon consideration, the Court finds that none of the reasons offered by plaintiffs in the motion are grounds to set aside the Court's memorandum opinion and order.

First, the Court notes that notwithstanding plaintiffs' lack of a response to TVA's motion, and in accordance with Rule 56 and the law of this circuit, the Court carefully reviewed the relevant law and the record of this case, including the complaint and all deposition testimony, before determining that there were no genuine issues of material fact in regard to plaintiffs' claims and that TVA was entitled to judgment as a matter of law. *See Donlin v. Watkins*, 814 F.2d 273, 277 (6th Cir. 1987).

Second, the United States Court of Appeals for the Sixth Circuit held in a procedurally similar case that failure to respond to a summary judgment motion is not excusable neglect. In *Cacevic v. City of Hazel Park*, 226 F.3d 483 (6th Cir. 2000), the plaintiff neglected to file a response to the defendants' motion for summary judgment. *Id.* at 486. Having received no response, the district court granted the defendants' motion. *Id.* at 486-87. The plaintiffs moved to set aside the court's order, claiming that the plaintiffs had a "verbal understanding" with the defendants that "allowed them additional time to complete discovery and, in turn, file their response after the court-imposed deadline[,]" and that the failure to formalize this

5

agreement in writing or inform the court of the agreement constituted "mistake and/or excusable neglect." *Id.* at 487- 88 (internal quotation marks omitted).

The district court denied the plaintiffs' motion and the Sixth Circuit affirmed the district court, finding that if the plaintiffs desired additional discovery in order to respond to the motion for summary judgment, the plaintiffs should have filed a Rule 56(d) motion. *Id.* at 488.[3] The Sixth Circuit stated that the importance of such a motion "cannot be overemphasized" and that, regardless of whether the parties had verbally agreed to extend the response deadline, a Rule 56(d) motion was the only proper method of seeking an extension. *Id.* at 489. Because the plaintiffs had improperly attempted to extend the response deadline, the Sixth Circuit held that Rule 60(b) did not apply:

> [T]he neglect of the procedural rules and need to inform the court of any requested extensions is not made excusable simply because of an informal agreement between the parties. The [plaintiffs] knew that the district court was a key player (if not *the* key player) in the summary judgment process, yet they kept the court completely "in the dark" until well past the filing deadline.

*Id.* at 491. *See also Kendall v. Hoover Co.*, 751 F.2d 171, 175 (6th Cir. 1984) (affirming the district court's denial of the plaintiff's Rule 60(b) motion after the district court had granted the defendant's motion for summary judgment, to which the plaintiff had failed to respond, and stating that "failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is inexcusable neglect"); *Broach v. City of*

---

[3]The *Cacevic* opinion addresses former Rule 56(f) which is now codified in the current Federal Rules of Civil Procedure as Rule 56(d).

*Cincinnati*, 244 F. App'x 729, 735 (6th Cir. 2007) (refusing to set aside the district court's order granting a motion for summary judgment after the plaintiff failed to file a response and because the district court's expectation that the parties would comply with the briefing deadlines set forth in the local rules was "no surprise").

Similar to the plaintiffs in *Cacevic* and *Kendall*, plaintiffs in this case failed to file a timely response to TVA's motion for summary judgment. Plaintiffs also did not make a Rule 56(d) motion, despite their assertion in the motion to set aside that additional discovery was necessary. Furthermore, plaintiffs did not make any filing with the Court manifesting their agreement with TVA in regard to extending the time for plaintiffs to respond to TVA's motion. As stated in *Cacevic* and *Kendall*, the Sixth Circuit has held that such failures constitute inexcusable neglect and do not warrant relief under Rule 60(b)(1). If plaintiffs were in need of additional discovery in order to respond to TVA's motion, the proper procedure would have been to file a Rule 56(d) motion. An informal request, communication with opposing counsel regarding deposition dates, and alleged *ex parte* communications with Court personnel does not serve to extend the time for responding to a dispositive motion.

As to plaintiffs' argument that the Court's scheduling order gave more time to respond to TVA's motion because no deadline was given in the scheduling order for responses to motions for summary judgment, this argument will also be denied. The Local Rules of this district clearly state that a party has twenty-one (21) days to respond to a dispositive motion. *See* E.D. TN. LR 7.1(a). There is nothing in the scheduling order that changes or alters the Local Rules. In addition, there is nothing in the scheduling order or the Local Rules that

7

state when a party may file a dispositive motion, except that such motions must be filed "no later than one hundred twenty (120) days before trial." [Doc. 11]. Counsel for plaintiffs should have been aware of the Local Rules of this Court as they are referenced in the Court's scheduling order [Doc. 11]. Further, ignorance of the rules is an insufficient basis for relief under Rule 60(b). *See Buchko v. City Hosp. Ass'n*, 76 F.3d 378 (Table), 1996 WL 34914, at *3 (6th Cir. Jan. 29, 1996) (unpublished) (citing *Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993)).

Moreover, while plaintiffs are correct that the scheduling order lays out a required procedure for parties to follow in order to resolve discovery disputes, including meeting and conferring, followed by a conference with the magistrate judge [Doc. 11], nothing in the scheduling order, including the procedures for resolving a discovery dispute, stops the clock on the time period for a party to respond to a pending motion. Plaintiffs had at their disposal appropriate tools to stop the clock on the time for filing their response to TVA's motion for summary judgment—namely, a Rule 56(d) motion or a motion to extend the time for responding. Plaintiffs utilized neither.

Finally, because none of the reasons given in plaintiffs' motion to set aside constitute "circumstances beyond the control" of plaintiffs, the Court finds the cases referenced in plaintiffs' motion [Doc. 14, pp. 3-5] to be inapposite to the facts of this case

8

Case 3:11-cv-00168   Document 17   Filed 04/09/12   Page 8 of 9   PageID #: 250

## IV. Conclusion

Accordingly, and for the reasons given above, plaintiffs' Motion to Set Aside Order Granting Defendant's Motion for Summary Judgment [Doc. 14] is **DENIED**.

IT IS SO ORDERED.

                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE